IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CT-3009-FL

| | |
|---|---|
| CHARLES A. INKO-TARIAH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     ORDER |
| | ) |
| NORTH CAROLINA RELAY SERVICE, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court for initial review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e), and on plaintiff's motion for preliminary injunction and temporary restraining order (DE 10).

**BACKGROUND**

On September 23, 1999, following verdict of not guilty by reason of insanity on criminal charges, the United States District Court for the District of Columbia found plaintiff suffered from a mental illness and would present a substantial risk of injury to others if released, and thus committed him to the custody of the Attorney General pursuant to 18 U.S.C. § 4243. United States v. Inko-Tariah, No. 1:99-CR-00005-RCL (D.D.C. July 21, 2015) (DE 63 at 1). Plaintiff is currently housed at FCI-Butner as a civil detainee pursuant to § 4243.[1] On January 19, 2018, plaintiff,

---

[1] Plaintiff has filed numerous suits challenging the conditions of his confinement in this district. Inko-Tariah v. N.C. Relay Service, No. 5:17-CT-3041-BO (E.D.N.C. June 12, 2017) (order granting motion to voluntarily dismiss); Inko-Tariah v. Lappin et al., 5:05-CT-585-H (E.D.N.C. Apr. 1, 2009) (order granting defendants' motion to dismiss); Inko-Tariah v. Beeler, et al., No. 5:05-CT-600-FL (E.D.N.C. May 1, 2007) (order granting defendants' motion for summary judgment); Inko-Tariah v. Beeler, et al., No. 5:03-CT-854-FL (E.D.N.C. Dec. 27, 2004) (order granting defendants' motion for summary judgment); Inko-Tariah v. United States, 5:04-CT-539-FL (E.D.N.C. Nov. 16, 2004) (order dismissing case as frivolous).

proceeding pro se, filed the instant lawsuit against North Carolina Relay Service alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, the Rehabilitation Act, 29 U.S.C. § 794, and his First Amendment rights. The court thereafter conducted a frivolity review of plaintiff's original complaint, entered a detailed order identifying the deficiencies in the complaint, and directed plaintiff to cure those deficiencies by filing an amended complaint. On September 24, 2018, plaintiff filed the instant amended complaint, and on October 3, 2018, plaintiff filed the instant motion for preliminary injunction and temporary restraining order.

## DISCUSSION

A.     Standard of Review

Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

2

B.  Analysis

As an initial matter, plaintiff failed to comply with the court's August 28, 2018, order to particularize his allegations concerning his First Amendment, Americans with Disabilities Act, and Rehabilitation Act claims asserted against defendant N.C. Relay Service. Instead, the amended complaint alleges an entirely new set of claims against different defendants concerning plaintiff's civil commitment. Accordingly, it appears plaintiff has abandoned his original claims in this lawsuit. Based on plaintiff's failure to comply with the court's August 28, 2018, order, the court dismisses plaintiff's claims asserted against N.C. Relay Service for failure to prosecute. See Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962).

The court now turns to the frivolity review of plaintiff's amended complaint. Plaintiff's amended complaint alleges a number of constitutional claims against approximately 35 defendants, comprised primarily of the attorneys, federal judges, and psychiatric professionals involved in his civil commitment and criminal proceedings. The "introduction" section of the amended complaint appears to allege 18 U.S.C. § 4243, the statute under which plaintiff is civilly committed, is unconstitutional. In support, plaintiff argues the following cases that upheld the constitutionality of certain federal civil commitment statutes and procedures were either wrongly decided or have been called into doubt by subsequent precedent: Greenwood v. United States, 350 U.S. 366 (1956) (holding statute authorizing indefinite commitment of persons found incompetent to stand trial constitutional); Washington v. Harper, 494 U.S. 210 (1990) (holding prison regulation permitting involuntary administration of psychiatric medications to inmates who are dangerous to themselves or others, and that provided post-deprivation administrative review, survived due process challenge): Riggins v. Nevada, 504 U.S. 127 (1992) (explaining involuntary administration of psychiatric

medications to pretrial detainee is constitutional if the government demonstrates medication was medically appropriate, it considered less intrusive alternatives, and medication was administered to restore competency to stand trial or prevent inmate from harming himself or others); and Sell v. United States, 539 U.S. 166 (2003) (upholding constitutionality of involuntary administration of psychiatric medications to restore competency to stand trial in limited circumstances).

Contrary to plaintiff's arguments, these cases are binding Supreme Court precedent, and they do not call into doubt the constitutionality of § 4243. Accordingly, to the extent plaintiff argues 18 U.S.C. § 4243 is unconstitutional, his claims are dismissed as frivolous. See Archuleta v. Hedrick, 365 F.3d 644, 648 (8th Cir. 2004) ("The statutory procedure and substantive standard [of 18 U.S.C. § 4243] are clearly constitutional."); Phelps v. United States, 831 F.2d 897, 898 (9th Cir. 1987) (same).[2] Plaintiff also does not argue that FCI-Butner officials failed to comply with the procedures set forth in Sell or Riggins before administering forcible psychiatric medications to plaintiff.

Plaintiff also appears to assert various constitutional claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), against the prosecuting attorneys, judges, and psychiatric professionals involved in his civil commitment and criminal proceedings. Plaintiff alleges, for example, that the judges and prosecutors "colluded" to order plaintiff to submit to a competency exam, FCI-Butner officials "falsified" psychiatric reports to ensure his continued commitment, the judges and prosecutors violated his Fifth Amendment right against self-incrimination by ordering that he submit to a competency evaluation, and that the judges, prosecutors and defense attorneys violated his Sixth Amendment right to effective assistance

---

[2] The Fourth Circuit has not addressed the constitutionality of § 4243 specifically, but has upheld similar statutes in the face of constitutional challenges. See United States v. Timms, 664 F.3d 436, 456 (4th Cir. 2012); United States v. Comstock, 627 F.3d 513, 524-25 (4th Cir. 2010).

of counsel.

The prosecutors, judges, and psychiatric professionals involved in plaintiff's civil commitment and criminal proceedings are entitled to prosecutorial or judicial immunity with respect to any claims related to acts taken within the scope of their respective judicial or prosecutorial functions. Imbler v. Pachtman, 424 U.S. 409, 422-24 & n.20, 430 (1976) (prosecutors and judges entitled to immunity from claims for civil damages for acts taken within the scope of their judicial or prosecutorial functions); Lyles v. Sparks, 79 F.3d 372, 376–77 (4th Cir. 1996) (immunity doctrines apply in Bivens actions); Harden v. Green, 27 F. App'x 173, 177 (4th Cir. 2001) ("[C]ourt-appointed psychiatrists are entitled to absolute judicial and witness immunity for their conduct in completing competency exams and furnishing written reports."); see also Hughes v. Long, 242 F.3d 121, 128 (3d Cir. 2001) (holding court-appointed mental health professional conducting competency exam entitled to absolute judicial immunity as to claims arising out of conduct in completing the exam because mental health professional was "functioning as an arm of the court"). Additionally, to the extent plaintiff alleges defendants were acting outside the scope of their judicial or prosecutorial functions by deliberately "falsifying" his competency evaluations or "colluding" to ensure his continued civil commitment, the claims are delusional and entirely devoid of factual support. See Denton, 504 U.S. at 32 (claims involving "fantastic or delusional scenarios" are subject to summary dismissal on frivolity review); White v. White, 886 F.2d 721, 724 (4th Cir. 1989) (prisoner claims require "some minimum level of factual support" to survive frivolity review). Plaintiff's claims for damages against the judges, prosecutors, and psychiatric professionals involved in his civil commitment and criminal proceedings are therefore dismissed as frivolous.

Plaintiff also appears to assert Sixth Amendment ineffective assistance of counsel claims

5

against his court-appointed defense counsel. Defense attorneys, however, are not federal actors subject to Bivens liability, even if the claims are related to court-appointed representation. Polk Cty. v. Dodson, 454 U.S. 312, 317 (1981); Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam). Accordingly, these claims are also dismissed as frivolous.[3]

Additionally, plaintiff seeks various forms of injunctive relief, including an order directing FCI-Butner officials to release him from civil commitment.[4] Plaintiff cannot obtain release from civil commitment in this civil rights action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding plaintiff cannot seek release from custody in a civil rights action); Timms v. Johns, 627 F.3d 525, 531-32 (4th Cir. 2010) (civil committee must pursue release from commitment in his civil commitment proceeding or through petition for writ of habeas corpus after exhausting alternative remedies).[5]

Plaintiff has also filed motion for preliminary injunction and temporary restraining order. As plaintiff's claims have been dismissed as frivolous, plaintiff cannot establish that he is entitled to injunctive relief. Winter v. Nat'l Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (requiring plaintiff to show likelihood of success on the merits to obtain injunctive relief). Plaintiff's motion is therefore denied.

---

[3]Plaintiff also alleges that he has been wrongfully denied his right to represent himself in his civil commitment proceeding. Plaintiff must raise that issue with the court overseeing his civil commitment. This court has no authority to order that plaintiff be allowed to represent himself in his civil commitment proceeding.

[4]Plaintiff also requests "an order referring all defendants who are subject to impeachment to the House Judiciary Committee for impeachment trial" and "an order referring all defendants to the Attorney General for Criminal Prosecution under 42 U.S.C. § 1987." The court has no authority to order such relief.

[5]The court notes plaintiff filed a motion for discharge hearing in his civil commitment matter on September 22, 2018, and the parties are scheduled to appear for a hearing on October 26, 2018. United States v. Inko-Tariah, No. 1:99-CR-00005-RCL (D.D.C. Sept. 22, 2018) (DE 76).

**CONCLUSION**

Based on the foregoing, plaintiff's amended complaint is dismissed with prejudice as frivolous. Plaintiff's original complaint is dismissed without prejudice for failure to prosecute. Plaintiff's motion for preliminary injunction and temporary restraining order (DE 10) is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 9th day of October, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge